GLADYS PENNEY HOLDEN, AS GUARDIAN OF THERESA PENNEY, PROSECUTRIX, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY ET AL., DEFENDANTS.

Submitted May 6, 1941—Decided November 27, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the prosecutrix, *Armstrong & Mullen* (*Thomas J. Armstrong,* of counsel).

For the defendants, *Henry H. Fryling* (*William H. Speer* and *William F. Vosseller,* of counsel).

The opinion of the court was delivered by

HEHER, J. On May 17th, 1937, James F. Penney suffered a fatal injury by an accident which arose out of and in the course of his employment with the defendant corporation; and the question at issue is whether his widow, Theresa, a mental defective who was then and for years had been an inmate of institutions for the insane at public expense, was a dependent within the intendment of *R. S.* 1937, 34:15-13.

This is a mixed question of law and fact. And these are the essential facts: On May 3d, 1922, Theresa was committed to the State Hospital for the Insane at Morris Plains by the judge of the First Criminal Court of Jersey City, pending an inquiry into her sanity; and on November 16th, 1923, while still under such restraint, she was adjudged insane and indigent in the Hudson Court of Common Pleas and ordered confined in that institution at the expense of the state. The decedent made affidavit that he was without means to meet maintenance charges. Until so committed, Theresa

had been a member of the decedent's household during the whole of their marital life. Three children were born of the marriage, all of whom were above the age of sixteen years at the time of the father's death. After incarceration for "a short while," Mrs. Penney was released. She thereupon returned to the decedent's household, and remained there until March 18th, 1927, when she was again adjudged insane and indigent by a judge of the Hudson Court of Common Pleas, and committed to the Hudson County Hospital for the Insane, "at the expense of the County of Hudson," subject to reimbursement "by James Penney at the rate of $3.78 per week, exclusive of proper and necessary charges for the clothing of said patient." On August 26th, 1927, a further order was made by a judge of that court, adjudging Mrs. Penney insane and indigent, and recommitting her to the last-named institution, "at the expense" of the county, minus a provision for reimbursement. The decedent had paid but $20 or thereabouts under the first commitment to the county hospital. From time to time his wife visited the family home for varying periods, depending upon her mental condition, until 1931, when her derangement became such that she was not thereafter permitted to leave the institution. The decedent made no contribution toward his wife's maintenance except as stated and items of wearing apparel furnished by him on occasion. Most of her clothing was provided at public expense. The order directing her confinement at the expense of the county seems to have been predicated upon her husband's asserted lack of means to defray maintenance costs. It is now made to appear that he had been regularly employed for some years before his death. His services to the defendant-employer were compensated at the rate of $45 per week.

The case is ruled by *Comparri* v. *James Readding, Inc.*, 120 *N. J. L.* 168; *Alexander* v. *Cunningham Roofing Co., Inc.*, 124 *Id.* 390; *affirmed*, 125 *Id.* 277, and *Koerner* v. *J. I. Hass Co., Inc.*, 126 *Id.* 193.

The employer perceives a distinction between the instant case and those cited, in that here the deceased "had been relieved of all dependency and all responsibility for the maintenance" of his wife "by the order of the court, in committing

her * * * at the expense" of the county. But there is none in principle. The cited cases have laid it down that dependency in statutory intendment has reference to the duty imposed upon the husband by the law "of fully and wholly maintaining" his wife, and that it "is not governed in the slightest degree by the amount of money actually contributed to or expended upon" the wife, since the husband's failure of duty in this regard "did not render" the wife "any less dependent." If there is a separation through the "fault" of the wife, or she consents or acquiesces therein or asserts her "complete independence of her husband," there is a cessation of dependency in the legal sense. We are not at liberty to interpret the statute differently. The adjudications of other jurisdictions interpreting statutory dependency clauses are of no avail.

And the deceased was not relieved of the obligation of maintenance by the order adverted to. It is not a differentiating circumstance that thereby the court "placed the entire burden" of support upon the county, with no provision for reimbursement by the deceased. The latter's liability for such institutional care and maintenance of his wife remained unimpaired. *R. S.* 1937, 30:4-66; 30:4-70; 30:4-71; 30:4-74. *Vide Warren County* v. *Harden,* 95 *N. J. L.* 122. The husband's obligation in such circumstances is still primary; the county's, secondary.

Thus it is that, at the time of the employee's death, his wife was "wholly dependent" upon him within the meaning of the statute.

The judgment is accordingly reversed, with costs; and the cause is remanded for further proceedings in conformity with this opinion.